UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| American Civil Liberties Union of Massachusetts, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. Immigration and Customs Enforcement,<br><br>Defendant. | Civil Action No. 19-cv-10690 LTS |

## **DEFENDANTS' ANSWER**

Pursuant to Rule 8, Federal Rules of Civil Procedure, Defendant U.S. Immigration and Customs Enforcement ("ICE" or the "Defendant"), by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, responds to the Complaint of Plaintiff, American Civil Liberties Union of Massachusetts, as follows:

INTRODUCTION

1. The allegations contained in Paragraph 1 consist of Plaintiff's characterization of this action, to which no response is required. To the extent that a response is required, Defendant admits that this action purports to be brought under the Freedom and Information Act (FOIA), 5 U.S.C. § 552, *et seq*.

2. The allegations contained in the first sentence of Paragraph 2 consist of Plaintiff's characterization of the event giving rise to this Complaint, to which no response is required. To the extent that a response is required, Defendant admits that it provided remarks to the National Sheriffs' Association on or about February 10, 2019. Defendant admits that Plaintiff submitted a FOIA request on February 22, 2019, and states that Plaintiff's FOIA request was assigned by it as Case Number 2019-ICFO-30758, and Defendant refers to the request for a complete and accurate description of its contents. Defendant denies the last sentence of Paragraph 2.

3. The allegations contained in Paragraph 3 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 3.

## PARTIES

1. The allegations contained in Paragraph 1[1] consist of Plaintiff's description of itself and do not set forth a claim or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or sufficient information to form a belief as to the allegations, and therefore denies the allegations.

2. Defendant admits that U.S. Immigration and Customs Enforcement is a federal agency subject to the provisions of the FOIA, 5 U.S.C. § 552, *et seq.*, and an agency within the U.S. Department of Homeland Security.

## JURISDICTION AND VENUE

3. The allegations contained in Paragraph 3 consist of Plaintiff's conclusions of law regarding subject matter jurisdiction, to which no response is required. To the extent that a response is required, Defendant admits that this action purports to be brought pursuant to the FOIA, 5 U.S.C. § 552, *et seq*, and that this Court has subject matter jurisdiction over this action.

4. The allegations contained in Paragraph 4 consist of Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendant admits that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to the FOIA, and that venue is proper in this Court.

---

[1] Plaintiff's complaint is not numbered sequentially. For ease of reference, Defendant's answer will use the paragraph numbering in the Complaint. Thus, Paragraph 1 repeats here.

## FACTS

5. Defendant states that Matthew T. Albence is ICE's Acting Director.

6. The allegations contained in Paragraph 6 consist of Plaintiff's characterization of the event giving rise to this Complaint, to which no response is required. To the extent that a response is required, Defendant admits that it provided remarks to the National Sheriffs' Association on or about February 10, 2019. Defendant further admits that Exhibits A and B are attached to the Complaint.

7. The allegation contained in Paragraph 7 does not set forth a claim or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or sufficient information to form a belief as to the allegations, and therefore denies the allegations, except admits that Exhibit A is attached to the Complaint.

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10.

11. Defendant admits the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12, and further states that it produced potentially responsive documents to Plaintiff on or about April 16, 2019.

## CLAIM FOR RELIEF

### Violation of FOIA 5 U.S.C. § 552

13. Defendant incorporates by reference its responses to all preceding paragraphs.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

<u>PRAYER FOR RELIEF</u>

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required.  To the extent that a response is required, Defendant incorporates by reference its responses to all preceding paragraphs, and denies the allegations in the Prayer for Relief, and denies that Plaintiff is entitled to the relief requested in the Complaint.

## **<u>AFFIRMATIVE DEFENSES</u>**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Any information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552(a), *et seq*.

### **THIRD AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in the FOIA request at issue in this action.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorney's fees or costs in this action.

### **FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's request submitted under FOIA, 5 U.S.C. § 552, as amended, did not reasonably describe the records sought.

### SIXTH AFFIRMATIVE DEFENSE

There is no provision of the FOIA for obtaining declaratory relief.  At all times alleged in the Complaint, Defendant was acting in good faith, with justification, and pursuant to authority.  Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the court of litigation.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Court deny the relief requested in the Complaint, and that the Court dismiss the Complaint against it, with prejudice.

ANDREW E. LELLING
United States Attorney

By: /s/ *Susan M. Poswistilo*
SUSAN M. POSWISTILO (BBO #565581)
Assistant U.S. Attorney
John J. Moakley Federal Courthouse
One Courthouse Way, Ste. 9200
Boston, MA  02210
(617) 748-3103
susan.poswistilo@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  May 13, 2019          /s/ *Susan M. Poswistilo*
Susan M. Poswistilo
Assistant U.S. Attorney