# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> Defendant. | Civil Action No. 1:19-cv-10690-LTS |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff American Civil Liberties Union of Massachusetts ("ACLUM") hereby moves for leave to file its First Amended Complaint in this FOIA action. The proposed First Amended Complaint is appended hereto as Exhibit A.

The First Amended Complaint confirms that a newly discovered category of records is within the scope of this action. Specifically, it clarifies that ACLUM seeks documents from Defendant U.S. Immigration and Customs Enforcement ("ICE") related to the speeches given by both then-Acting Director Ronald D. Vitiello and then-Senior Official Performing the Duties of the Deputy Director Matthew T. Albence at the 2019 National Sheriffs' Association ("NSA") Winter Conference.

## I. Background

This FOIA action seeks information concerning remarks delivered by certain senior U.S. Immigration and Customs Enforcement ("ICE") officials to the 2019 Winter Legislative and Technology Conference of the National Sheriffs' Association (the "Conference"). The Conference was held in Washington, D.C., from approximately Friday, February 8, 2019, to the following Tuesday, February 12th. *See* Ex. B (Conference Schedule).

On Sunday, February 10th, the Bristol County Sheriff's Office released, via its Twitter account, a photograph captioned "[ICE's] Deputy Director addressing legal affairs seminar on immigration at [the Conference] Sunday morning." *See* Ex. C (tweet). The Conference schedule confirms that "Matthew Albence, Deputy Director, [ICE]" was, in fact, scheduled to speak that morning to the Conference's Legal Affairs Committee for nearly an hour on the topic "Immigration Updates." *See* Ex. B.[1]

ACLUM is keenly interested in the interactions between federal immigration authorities and county sheriffs, in part because these interactions directly affect residents of the Commonwealth. Four sheriffs in Massachusetts have contracted with ICE to house immigration detainees. Three have contracted to perform federal immigration enforcement functions under ICE's 287(g) Program.[2] At least one sheriff in Massachusetts has been personally involved in the development of federal immigration policy during the Trump administration. *See, e.g.*, Ex. D (Bristol County Sheriff's immigration policy proposals to White House in February 2019).

Accordingly, on February 22, 2019, ACLUM submitted a FOIA request to ICE for records of then-Deputy Director Albence's address to the Conference, including any prepared

---

[1] Mr. Albence has subsequently been promoted to Acting Director of ICE. *See* https://www.ice.gov/leadership.

[2] A description of ICE's 287(g) program can be found at: https://www.ice.gov/287g

remarks, notes, outlines, slides, handouts, and recordings (the "February Request"). *See* Ex. E (February Request, without exhibits). ICE failed to respond as required by law. Consequently, ACLUM filed this FOIA action to compel production on April 10, 2019. *See generally* Complaint (D.E. 1).

About a week later, on April 16th, ICE sent ACLUM a purported "final response" to the February Request. *See* Ex. F (Apr. 16, 2019 letter). The response contained 141 pages of heavily redacted records. ACLUM has not yet received a *Vaughn* Index to explain the basis for these redactions and the nature of the redacted content.[3] The unredacted content does not appear to include any memorialization of then-Deputy Director Albence's remarks.

The unredacted content does, however, reveal—for the first time—that ICE's then-Director, Ronald Vitiello, <u>also</u> gave a speech at the Conference. Specifically, the header on many of the redacted documents indicates that the redacted portions contain "talking points" for remarks by then-Director Vitiello to the Conference's Immigration and Border Security Committee on February 11, 2019. *See* Ex. G (sample of redacted Vitiello "talking points" document).

ICE appears to consider the Vitiello-related records to be responsive to the original February Request. However, out of an abundance of caution, ACLUM also submitted a new FOIA request to the agency for the Vitello records on May 16, 2019 (the "May Request"). *See* Ex. H (May Request). ICE did not respond to the May Request. ACLUM is therefore requesting leave to amend its complaint to seek production of documents responsive to the May Request.

---

[3] The Court ordered the Vaughn index produced by August 16, 2019, when it adopted the parties' joint scheduling proposal.

**II.     Argument**

Rule 15 "instructs courts to 'freely give leave' to amend." *Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). Accordingly, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Id.* (internal quotation marks omitted); *see also Torres-Alamo v. Puerto Rico*, 502 F.3d 20, 25 (1st Cir. 2007) (articulating similar factors).

Here, leave to amend should be granted. In February 2019, Mr. Vitiello and Mr. Albence were both senior officials at the same agency giving remarks on the same topic at the same conference. The proposed amendment will simply clarify that ACLUM is seeking records regarding both sets of remarks. ACLUM's request to file the amendment is timely under the Court's scheduling order, which (at the parties' joint request) authorized the filing of motions to amend at any time before July 26, 2019. *See* Scheduling Order (D.E. 12) (adopting the scheduled proposed by the parties' joint submission (D.E. 10)). There will be no prejudice to ICE, which has had nearly two months to prepare its response to May Request (well in excess of the 20-day response period authorized by FOIA, *see* 5 U.S.C. §552(a)(6)(A)-(C)). Further, it appears that ICE already collected records regarding Mr. Vitiello's remarks months ago in response to the February Request, resulting in the disclosure of heavily redacted portions of those records last April. *See* Exs. F & G. Permitting the requested amendment will therefore ensure that the scope of the pleadings conforms to the set of records already in dispute.

### III. Conclusion

For all the foregoing reasons, ACLUM respectfully requests that the Court grant leave to file its First Amended Complaint, appended hereto as Exhibit A.

Dated: July 25, 2019                                            Respectfully submitted,

*/s/ Jessica J. Lewis*
Matthew R. Segal (BBO #654489)
Daniel L. McFadden (BBO #676612)
Jessica J. Lewis (BBO #704229)
American Civil Liberties Union
   Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org
jlewis@aclum.org

### Local Rule 7.1 Certification

I hereby certify that I conferred with opposing counsel in a good faith attempt to narrow or resolve the issues raised by this motion. Opposing counsel did not assent to this motion.

Date:   July 25, 2019                                   */s/ Jessica J. Lewis*

**Certificate of Service**

I hereby certify that this document was served on all registered parties through the Court's CM/ECF system.

Date:   July 25, 2019				*/s/ Jessica J. Lewis*