UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> Defendant. | Civil Action No. 1:19-cv-10690-LTS |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS AND STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1, Plaintiff American Civil Liberties Union of Massachusetts (ACLUM) submits the following response to the Statement of Facts (Docket No. 21) submitted by Defendant U.S. Immigration and Customs Enforcement ("ICE"). ACLUM further submits herein its Statement of Undisputed Material Facts in support of its Cross-Motion for Summary Judgment, filed herewith.

**ACLUM's Statement of Material Undisputed Facts**

1. The National Sheriff's Association held its 2019 Winter Legislative & Technology Conference (the "Conference") in Washington, D.C., from February 9-12, 2019. McFadden Decl. Ex. A (Conf. Agenda).

2. At the time of the Conference, Matthew Albence was ICE's Executive Associate Director for Enforcement and Removal Operations and Senior Official Performing the Duties of Deputy Director. Fuentes Decl. ¶ 33. Mr. Albence spoke at the Conference on Sunday,

1

February 10, 2019 (the "Albence address").  McFadden Decl. Exs. A (Conf. Agenda) & B (photograph); Fuentes Decl. Ex. E at 137 (Feb. 9, 2019 email from Albence confirming time slot).

3. At the time of the Conference, Ronald Vitiello was ICE's Acting Director. Fuentes Decl. ¶ 33.  Mr. Vitiello spoke at the Conference on Monday, February 11, 2019 (the "Vitiello address").  Fuentes Decl. Ex. E at 137 (Feb. 9, 2019 email from Albence confirming time slot).

4. A writer in ICE's Office of Public Affairs (the "OPA writer") was "responsible for preparing remarks in advance of [the Conference]."  Fuentes Decl. ¶ 27.  "In preparation for a meeting or speaking event, it is ICE's standard practice to draft remarks or talking points on the subject matter of the engagement and not the individual scheduled to speak."  *Id.* ¶ 34. "[T]alking points are drafted that can be utilized by Mr. Albence, Mr. Vitiello, or any other speaker that may . . . need to appear if the scheduled ICE speaker is unavailable."  *Id.* Accordingly, the OPA writer prepared the remarks for the Conference "such that they could be used by either Mr. Albence or Mr. Vitiello."  *Id.* ¶¶ 29, 35(a).  The OPA writer prepared versions of those remarks (labeled "talking points") on February 4, 5, and 6, 2019.  *Id.* Ex. E at 74-79, 90-95, & 99-104 (talking points dated Feb. 4, 2019); 35-44 (Feb. 5, 2019 email and attached talking points); 80-85 & 105-110 (talking points dated Feb. 6, 2019).

5. The fact that Mr. Albence made remarks was publicly disclosed by the National Sheriff's Association and by the Bristol County Sheriff's Office in Massachusetts.  McFadden Decl. Exs. A (Conf. Agenda) & B (photograph on BCSO twitter account).

6.	On February 22, 2019, ACLUM submitted a request to ICE pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. 552 (the "February Request"). Fuentes Decl. Ex. B. The request sought information concerning the Albence address, specifically:

   a. Records containing some or all of the Address, including without limitation any prepared remarks, notes, and outlines, and any drafts thereof.
   b. Any slides, powerpoint presentations, and handouts presented or provided in connection with the Address, and any drafts thereof.
   c. Any audio and/or visual recordings of the Address.
   d. Correspondence, including email correspondence, between or among ICE personnel (including Mr. Albence and his staff) and representatives of the National Sheriff's Association concerning the planning, delivery, and/or content of the Address.
   e. Correspondence, including email correspondence, between or among ICE personnel (including Mr. Albence and his staff) and any employees or officers of the Commonwealth of Massachusetts (including any Massachusetts Sheriff and/or the employees of any Massachusetts Sheriff's Department) concerning the planning, delivery, and/or content of the Address.

7.	On March 15, 2019, ICE sent an email to ACLUM invoking a 10-day extension to respond to the February Request. Answer ¶ 11. By April 10, 2019, ICE had not provided any other response to the February Request, nor had it produced any of the requested records. McFadden Decl. ¶ 5.

8.	On April 10, 2019, ACLUM filed this action seeking, among other things, the production of records responsive to the February Request.

9.	On April 16, 2019, ICE produced certain records to ACLUM in response to the February Request, many of which are redacted. Fuentes Decl. ¶ 8 & Ex. E. The records disclose, among other things, that Mr. Vitiello also gave an address at the Conference. *See, e.g.*, Fuentes Decl. Ex. E at 80-85 & 105-110 (talking points dated Feb. 6, 2019).

10.	ICE's search for records responsive to the February Request did not include any communications with Mr. Albence. Fuentes Decl. ¶¶ 21-32. For example, Mr. Albence was not asked what he said during his address, whether he used any prepared text or talking points,

3

whether he used any slides, handouts, or PowerPoint presentations, whether his remarks are memorialized anywhere, or whether he has in his possession any responsive records. *See id.*

11. On May 16, 2019, ACLUM submitted an additional request to ICE pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. 552 (the "May Request"). McFadden Decl. Ex. C. The request sought information concerning the Vitiello address, specifically:

   a. Records containing some or all of the Address, including without limitation any prepared remarks, notes, talking points, and outlines, and any drafts thereof.
   b. Any slides, powerpoint presentations, and handouts presented or provided in connection with the Address, and any drafts thereof.
   c. Any audio and/or visual recordings of the Address.
   d. Correspondence, including email correspondence, between or among ICE personnel (including Mr. Vitiello and his staff) and representatives of the National Sheriff's Association concerning the planning, delivery, and/or content of the Address.
   e. Correspondence, including email correspondence, between or among ICE personnel (including Mr. Vitiello and his staff) and any employees or officers of the Commonwealth of Massachusetts (including any Massachusetts Sheriff and/or the employees of any Massachusetts Sheriff's Department) concerning the planning, delivery, and/or content of the Address.

12. ICE did not conduct a search in response to the May Request. *See* Fuentes Decl. ¶¶21-32.

13. For example, in response to the May Request, ICE did not conduct any search of the Office of the Director, even though Mr. Vitiello was Director in February 2019 when he gave his address to the Conference. *See* Fuentes Decl. ¶¶ 21-32. Nor did ICE communicate with Mr. Vitiello. *See id.* For example, Mr. Vitiello was not asked what he said during his address, whether he used any prepared text or talking points, whether he used any slides, handouts, or PowerPoint presentations, whether his remarks are memorialized anywhere, or whether he has in his possession any responsive records. *See id.*

14. ICE did not produce any additional documents in response to the May Request. *See* Fuentes Decl. ¶8.

15. On August 9, 2019, Plaintiff filed an Amended Complaint that added the May Request as an additional basis for relief. *See* Docket No. 16.[1]

16. To date, ICE has not produced to ACLUM any records containing the substance of Mr. Albence's or Mr. Vitiello's remarks to the Conference. *See* Fuentes Decl. Ex. E.

17. ICE did not conduct a reasonable or adequate search in response to the February and May Requests. *See* ¶¶ 10, 12, & 13, *supra*.

18. The remarks prepared by the OPA writer dated February 6, 2019, are post-decisional. *See* Fuentes Decl. ¶¶ 27, 29, 34, 35(a); *id.* Ex. A at 13-14; *id.* Ex. E at 80-85 & 105-110.

19. The remarks prepared by the OPA writer dated February 4, 5, and 6, 2019, are not related to any policy development and policy decision processes, or any not-yet-finalized policy decision. *See* Fuentes Decl. ¶¶ 27, 29, 34, 35(a); *id.* Ex. A (*Vaughn* index); *id.* Ex. E at 35-44, 74-79, 80-85, 90-95, & 99-104, and 105-110.

20. ICE did not provide any segregated factual information from the body of the remarks prepared by the OPA writer dated February 4, 5, and 6, 2019. *See* Fuentes Decl. Ex. E. at 35-44, 74-79, 80-85, 90-95, & 99-104, and 105-110.

21. ICE did not provide any segregated factual information from the emails relating to the remarks prepared by the OPA writer that were withheld under Exemption (B)(5). *See* Fuentes Decl. ¶¶ 51-53; *id.* Ex. E at 1, 11-15, 19, 22, 26, 29, 32, 96-98, & 111-26

22. The National Sheriffs' Association Draft Agenda, Immigration and Border Security Committee Meeting (Fuentes Decl. Ex. E at 38) is a document created by the National

---

[1] As of the date of this filing, Defendant has not filed an answer to the Amended Complaint despite Plaintiff's email query on October 16 and 21.

Sheriffs' Association, and consequently is not a document created by or on behalf of ICE or any other agency of the United States government. Fuentes Decl. Ex. A. at 2-3.

## Response to ICE's Statement of Material Facts

1. Not disputed.

2. Not disputed.

3. Disputed to the extent this statement asserts that ICE produced "141 responsive documents," as not supported by the cited evidence. The Fuentes Declaration states that ICE produced 141 *pages*, not documents. Fuentes Decl. ¶ 8. Further, many of those pages are wholly redacted. *See* Fuentes Decl. Ex. E (ICE production). Plaintiff further notes that this production did not occur until nearly a week after the Complaint in this action was filed on April 10, 2019. *See* Complaint (Docket No. 1). Otherwise, not disputed.

4. Disputed that ACLUM "amended its complaint in this action to expand its original FOIA request to include records for Ronald Vitiello." In fact, on May 16, 2019, ACLUM submitted a separate FOIA request to ICE for records relating to Mr. Vitiello's address to the February 2019 National Sheriffs' Association conference. *See* McFadden Decl. ¶ 4 & Ex. C. When ICE did not respond to that second request, ACLUM filed an Amended Complaint that added the second request as an additional basis for relief. *See* Amended Complaint (Docket No. 16) ¶¶18-24. Otherwise, not disputed.

5. Not disputed.

6. Not disputed.

7. Not disputed.

8. Not disputed.

9. Not disputed.

10. Not disputed.

11. Not disputed.

12. Not disputed.

13. Not disputed.

14. Not disputed.

15. Disputed to the extent the statement asserts that the Office of the Deputy Director was tasked with seeking six categories of information. The Fuentes Declaration lists five such categories. *See* Fuentes Decl. ¶24. Otherwise, not disputed.

16. Not disputed, except that Plaintiff does dispute the statement to the extent is suggests that the search locations were actually the locations "most likely to return responsive documents." Any such assertion would not be supported by the cited evidence, given that Mr. Albence (the actual speaker from that office at the conference) was never contacted or consulted about where he actually kept his materials from the conference. *See* Fuentes Decl. ¶25.

17. Not disputed.

18. Not disputed.

19. Not disputed.

20. Not disputed.

21. Not disputed.

22. Not disputed that OPA provided remarks in the form of "talking points" to the ICE Front Office for use by both Mr. Albence and Mr. Vitiello at the relevant conference. Disputed that there were not "final" talking points, as not supported by the cited evidence. To the contrary, the Fuentes Declaration confirms that the "OPA writer" was the official "responsible for preparing remarks in advance of the National Sheriffs' Association meeting for

7

both the Deputy Director and Director." Fuentes Decl. ¶ 27.  Consequently, at a minimum, the last version of the talking points is post-decisional and, for all purposes relevant to this litigation, final.

23. Disputed as not supported by admissible evidence.  The Fuentes Declaration does not establish that either the affiant or any representative of the OPA were present at the relevant conference, and consequently there is no foundation for personal knowledge of what, if any, recordings were made of the event.  *See* Fed. R. Evid. 602.

24. Disputed as not supported by admissible evidence.  The Fuentes Declaration does not establish that either the affiant or any representative of the OPA were present at the relevant conference, and consequently there is no foundation for personal knowledge of what, if any, slides, PowerPoint presentations, or handouts were presented by ICE personnel at that event.  *See* Fed. R. Evid. 602.

25. Not disputed.

26. Not disputed.

27. Not disputed.

28. Not disputed.

29. Not disputed that Exhibit A to the Fuentes Declaration is a Vaughn Index, but Plaintiff does not concede the adequacy of the descriptions set forth therein.

30. Disputed.  *See* Fuentes Decl. ¶¶ 27, 34, 35; *id.* Ex. A.  Further, the assertion is not supported by the cited evidence.

31. Disputed as not supported by admissible evidence.  *See* Fed. R. Civ. P. 701. Further, this assertion is not material because this case does not involve any "draft responses to

inquiries or agency policies," but rather prepared remarks that are not asserted to have been made in connection with any policy-making process. *See* Fuentes Decl. Ex. A.

    32.    Not disputed.

    33.    Not disputed.

    34.    Not disputed.

    35.    Not disputed.

    36.    Not disputed.

    37.    Not disputed.

    38.    Disputed. No segregable factual information was released from any of the talking point documents. These documents are completely redacted, except for the header in some instances. Additionally, certain emails were redacted without the release of segregable factual information. *See* Fuentes Decl. Ex. E (ICE production).

    39.    Disputed. No segregable factual information was released from any of the talking point documents. These documents are completely redacted, except for the header in some instances. Additionally, certain emails were redacted without the release of segregable factual information. *See* Fuentes Decl. Ex. E (ICE production).*See* Fuentes Decl. Ex. E (ICE production).

Dated: October 23, 2019                                Respectfully submitted,

*/s/ Jessica J. Lewis*
Matthew R. Segal (BBO #654489)
Daniel L. McFadden (BBO #676612)
Jessica J. Lewis (BBO #704229)
American Civil Liberties Union
    Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org
jlewis@aclum.org

## **LOCAL RULE 7.1 STATEMENT**

I hereby certify that ICE has previously filed a motion for summary judgment opposing the relief requested herein.

*/s/ Jessica J. Lewis*
Jessica J. Lewis

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served today on all parties via the Court's CM/ECF system.

*/s/ Jessica J. Lewis*
Jessica J. Lewis