# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No.19-10690-LTS |

## STIPULATED PROTECTIVE ORDER

Pursuant to the joint motion filed in this matter by Plaintiff American Civil Liberties Union of Massachusetts, Inc. ("ACLUM") and Defendant U.S. Immigration and Customs Enforcement ("ICE"), the Court enters this Stipulated Protective Order (the "Order") for the purpose of assuring the confidentiality of certain information that may be produced in the course of the litigation. ACLUM and ICE may be referred to herein collectively as the "Parties," and singularly as a "Party."

1. This Order shall govern the production, maintenance, copying, use, and disclosure of information produced by the Parties during the course of litigating the above-captioned matter and designated "Confidential" pursuant to the terms and procedures set forth herein.

2. The Information produced in the course of this litigation is being produced solely to comply with the Court's March 24, 2020, Order (ECF No. 43) and does not create rights or entitlements to such similar information and documents not provided for in the Order.

3. A Party producing information in the course of this litigation (the "Producing Party") may designate such information "Confidential" if the Producing Party contends the information is protected by the Privacy Act of 1974 (5 U.S.C. § 552a) and regulations promulgated thereunder (collectively, the "Privacy Act"). For information contained in a written discovery response (*e.g.*, interrogatory responses), designations may be made by: notifying the Receiving Party that the information contains Confidential Information and highlighting or otherwise clearly identifying the particular text so designated.

4. In the event that any Party fails to designate any document or information as "Confidential" at the time of production, which it later determines ought to be so designated, that Party may later designate any such document or information as "Confidential."

5. Information designated "Confidential" shall not be disclosed, without the express consent of the Producing Party or by specific order of the United States District Court for the District of Massachusetts ("the Court"), to any person other than the Parties, their employees, and their attorneys, except that such information may also be disclosed to:

    a. any other federal agency that may require access during the course of this litigation;

    b. the Court, court employees, court reporters, stenographic reporters, jurors, and all other persons necessary to the conduct of pre- and post-trial motions, depositions, mediation, hearings, and trial;

    c. witnesses and deponents who are not an employee of any Party, if they agree in writing to be bound by and comply with this Order;

    d. experts consulted or hired by the Parties, if they agree in writing to be bound by and comply with this Order; and

    e. any other person whom the Parties agree in writing or whom the Court specifically directs.

6. The Parties shall take reasonable measures to safeguard information designated "Confidential" in accordance with the terms of this Order.

7. Deposition testimony shall be treated as presumptively "Confidential" for 30 days after the transcript becomes available, so that the Parties will have a reasonable opportunity to review the transcript and make designations pursuant to this Order. If any Party wishes to designate information disclosed in the deposition as "Confidential," it may do so by identifying the particular pages and line numbers of the transcript so designated in a writing served on all the Parties.

8. Nothing herein shall preclude any Party from moving to vacate or modify this Order or any provision thereof.

9. In the event the Party receiving information designated "Confidential" (the "Receiving Party") disagrees with the designation, it will notify the Producing Party of the disagreement. The Parties shall then, in good faith, confer to discuss the disagreement. If the disagreement is not resolved, the Receiving Party may move for an order removing the designation.

10. By making information and documents designated as "Confidential" available for use in this action, the Producing Party has not waived or compromised the confidentiality of such documents or information.

11. To the extent that the Privacy Act may apply to information designated "Confidential," this Stipulation constitutes an exemption to the provisions of the Privacy Act, embodied in 5 U.S.C. § 552a(b)(11), which concerns the disclosure of records of such information.

12. The provisions of this Order shall survive the termination of this action.

13. Nothing in this Order shall prohibit, during the litigation of this matter, the use of any information designated "Confidential" in motions, depositions, mediation, hearings, and trial. Such use shall not constitute a waiver (express or implied) of the provisions of this Order. If a filing contains information designed "Confidential," the Party making the filing shall move to file such information under seal pursuant to Rule 7.2 of the Local Rules of U.S. District Court for the District of Massachusetts, and shall confer with opposing counsel in advance of filing such motion pursuant to Local Rule 7.1. To the extent any such filing is made under seal, a redacted copy shall be filed for the public record within 14 days thereafter.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

AGREED TO BY THE PARTIES:

 /s/ *Jessica J. Lewis*
Matthew R. Segal (BBO #654489)
Daniel L. McFadden (BBO #676612)
Jessica Lewis (BBO #704229)*
American Civil Liberties Union
    Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org
jlewis@aclum.org

/s/ *Susan M. Poswistilo*
SUSAN M. POSWISTILO
Assistant U.S. Attorney
John J. Moakley Federal Courthouse
One Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3103
susan.poswistilo@usdoj.gov

**SO ORDERED:**

 /s/ Leo T. Sorokin                    Dated:  May 28, 2020
Hon. Leo T. Sorokin
U.S. District Judge, District of Massachusetts